UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERMAIL V. NOEL,

              Plaintiff,

-against-

AMERICAN AIRLINES, AIRPORT SECURITY; UNTIED AIRLINES, AIRPORT SECURITY,

              Defendants.

22-CV-1696 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, to proceed without payment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Plaintiff submitted an IFP application, but she does not fully answer the questions pertaining to her financial situation. Plaintiff indicates that she is unemployed, but she does not answer the form's follow-up questions asking for her last date of employment and her gross monthly wages at the time. In response to the question 3 on the form, Plaintiff indicates that she has no source of income, but she does not answer the follow-up question asking her to explain how she pays her expenses. Plaintiff further states that she has no money in cash, or in a checking or savings account, and no housing, transportation, or other regular monthly expenses. She does not answer the questions on the form asking her to list any property or other assets she owns or any debts or other financial obligations she has. Because Plaintiff fails to supply sufficient information explaining any sources of income and how she pays her expenses, it is

unclear whether Plaintiff has sufficient funds to pay the filing fees for this action. The Court is therefore unable to make a ruling on Plaintiff's IFP application.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 22-CV-1696 (LTS), and address the deficiencies described above by providing facts to establish that she is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 3.)

SO ORDERED.

Dated:  March 2, 2022
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge