UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERMAIL V. NOEL,

                    Plaintiff,

          -against-

AMERICAN AIRLINES, AIRPORT
SECURITY; UNITED AIRLINES, AIRPORT
SECURITY,

                    Defendants.

22-CV-1696 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants wrongfully

caused the death of her husband. By order dated March 17, 2022, the Court granted Plaintiff's

request to proceed *in forma pauperis* (IFP). The Court construes the complaint as attempting to

assert claims, either under state or federal law, for wrongful death on behalf of Plaintiff's

husband's estate. For the reasons set forth below, the Court directs Plaintiff to show, within 60

days, that she has standing to assert wrongful death claims on behalf of her husband's estate or

distributees. In the alternative, Plaintiff may, within 60 days, retain an attorney to represent her

in this matter.

## STANDARD OF REVIEW

          The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action using the court's general complaint form. She checks the box to invoke the Court's federal question jurisdiction, and states that Defendants have violated her rights under the Fourth and Fifth Amendments to the United States Constitution. (ECF 2, at 2.) Plaintiff alleges that the events giving rise to her claims occurred at the Word Trade Center (WTC) in New York City on September 11, 2001. She sues "airport security" for both American Airlines and United Airlines. (*Id.* at 4.)

The following allegations are taken from the complaint. Plaintiff's husband, Andy R. Noel, who worked on Murray Street near the WTC and was at work on September 11, 2001, witnessed the planes hit the towers. Plaintiff's husband "continued working at the site" until November 22, 2001. (*Id.* at 6.)

As a result of witnessing the attacks, Plaintiff's husband was diagnosed with schizophrenia and was determined to be "unemployable." (*Id.* at 7.) Plaintiff's husband began experiencing headaches, stomach pains, changes in the color of his urine, loss of appetite, weight loss, and jaundice. In June 2011, Plaintiff's husband was diagnosed with Cholangiocarcinoma, a rare form of cancer also known as bile duct cancer. Plaintiff alleges Cholangiocarcinoma has

been shown by studies to be "related to jet fuel inhaling." (*Id.*) Plaintiff's husband passed away

from the cancer on October 17, 2011, at the age of 53.

Plaintiff alleges that the airlines and their security were negligent in their obligation to

protect passengers from hijackers who were able to smuggle weapons onto the airplanes used in

the September 11th attacks. She alleges that safety checks were ineffective and "the lack of

security permitted the terrorists to hijack and crash and kill[] our loved ones." (*Id.* at 6.) She

further alleges that the airlines' failure to "perform a thorough search" of the hijackers resulted in

the loss of thousands of lives, including the life of her husband. (*Id.* at 8.)

Plaintiff seeks $20 million in damages.

## DISCUSSION

### A.      Plaintiff's Cause of Action

Plaintiff brings her claims under 42 U.S.C. § 1983, alleging that Defendants violated her

rights under the Fourth and Fifth Amendments. Plaintiff's allegations, however, do not suggest a

viable constitutional claim under Section 1983.[1] The Court therefore liberally construes the

complaint as asserting claims for the wrongful death of Plaintiff's husband arising from the

terrorist attacks of September 11, 2001.[2]

---

[1] To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The complaint satisfies neither of these two elements. First, Plaintiff's allegations do not suggest that Defendants have violated any of her constitutional rights. Second, the named Defendants – two airline companies – are private parties and private parties are generally not liable under Section 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

[2] Because Plaintiff's allegations suggest she is asserting a claim for wrongful death, the Court declines to construe her allegations as also asserting a claim for loss of consortium because under New York law, there can be no recovery for loss of consortium in a wrongful death action. *See Freeland v. Erie Cnty.*, 122 A.D.3d 1348, 1350 (4th Dep't 2014) (citing *Liff v. Schildkrout*, 49 N.Y.2d 622, 634 (1980).

A wrongful death claim resulting from the September 11th attacks may arise under state or federal law. In the weeks after September 11th, Congress passed the Air Transportation Safety and System Stabilization Act of 2001 (ATSSSA) to provide victims and their families an expedient method of recovery while also protecting the airlines against exposure to financial ruin. *See* Pub. L. 107-42, 115 Stat. 230 (Sept. 22, 2001) (codified at 49 U.S.C. § 40101 note). The ATSSSA "create[d] a federal cause of action for damages arising from, or in connection with, the terrorist-related aircraft crashes of September 11, 2001, and confers exclusive jurisdiction on the United States District Court of the Southern District of New York to hear such claims." *In re Sept. 11th Litig.*, 494 F. Supp. 2d 232, 237 (S.D.N.Y. 2007); *see* ATSSSA, § 408(b)(1).[3]

Claims alleging injuries suffered at the WTC site, up to and including September 29, 2001, are preempted by ATSSSA, and must therefore be brought in federal court under the court's federal question jurisdiction. *In re World Trade Ctr. Disaster Site Litig.*, 270 F. Supp. 2d 357, 374 (S.D.N.Y. 2003), *aff'd in part sub nom. In re WTC Disaster Site*, 414 F.3d 352 (2d Cir. 2005). Claims for injuries that incurred after that date are not preempted and must therefore be brought as state law claims for wrongful death, either in state court or in federal court under the court's diversity of citizenship jurisdiction. *Id.* Suits brought under the ATSSSA are governed by the substantive law "of the State in which the crash occurred unless such law is inconsistent with

---

[3] As an alternative to filing a lawsuit, the ATSSSA also authorizes eligible claimants to apply to the Victim Compensation Fund (VCF), a special fund established by Congress and administered by an appointed Special Master who makes compensation awards according to criteria established by the ATSSSA and regulations promulgated by the Department of Justice. *See* ATSSSA, § 405(c); *In re World Trade Ctr. Disaster Site Litig.*, 270 F. Supp. 2d at 362. If a claimant files a claim with the VCF, he or she waives their right to file a civil action in any state or federal court, with minor exceptions. *See* ATSSSA, §§ 405(c)(3)(B)(i), 408(c); *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 954 F. Supp. 2d 192, 196 (S.D.N.Y. 2012).

or preempted by Federal law." ATSSSA, § 408(b)(2). Thus, regardless of whether Plaintiff's claims arise under state law or the ATSSSA, New York law will generally apply. This includes New York's deadlines for filing such an action.[4]

## B.   Plaintiff's Standing

Whether Plaintiff's wrongful death claims on behalf of her husband arise under state law or the ATSSSA, Plaintiff has not alleged facts demonstrating that she has standing to bring claims on behalf of her deceased husband's estate. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Plaintiff alleges no facts suggesting that she is an attorney. As a nonlawyer, Plaintiff can only represent her own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted). Because a plaintiff proceeding *pro se* may only represent her own interests, the Second Circuit has held that the administrator of an estate may proceed *pro se* only if the estate has no other beneficiaries and no creditors. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). "Where there are other beneficiaries, 'an action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and

---

[4] In New York, a claim for wrongful death caused by the September 11, 2001, terrorist attacks must be brought within two years and six months after the decedent's death. *See* N.Y. Est. Powers & Trusts Law § 5-4.1(1) (stating that in New York, a wrongful death action "on behalf of a decedent whose death was caused by the terrorist attacks on [September 11, 2001], . . . must be commenced within two years and six months after the decedent's death").

possible creditors . . . will be affected by the outcome of the proceedings." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (quoting *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998)).

Furthermore, in New York, only the duly appointed administrator or "personal representative" of a person's estate may maintain an action to recover for that person's wrongful death.[5] *See* N.Y. Est. Powers & Trusts Law (EPTL) § 5-4.1; *Butler v. Kings Cnty. Hosp. Ctr.*, 924 N.Y.S.2d 307 (N.Y. Sup. Ct., Kings Cnty. 2011); *Est. of Capo v. Haquif*, No. 18-CV-10903, 2019 WL 2498369, at *3 (S.D.N.Y. May 31, 2019) ("New York plainly states that only a duly appointed 'personal representative' of the decedent's estate may bring a wrongful death action." (citation omitted)). Moreover, "[t]he Court of Appeals has instructed, repeatedly, that [New York's wrongful death statute] must be construed 'strictly.'" *In re September 11 Litig.*, 760 F. Supp. 2d 433, 443 (S.D.N.Y. 2011) (collecting cases).

Plaintiff, who is proceeding *pro se*, may only assert claims on behalf of her husband's estate if: (1) she is the duly-appointed administrator or "personal representative" of the estate; (2) she is the sole beneficiary of the estate; *and* (3) the estate has no creditors. *See Guest*, 603 F.3d at 20; *Butler*, 924 N.Y.S.2d at 307.

Here, the complaint does not allege facts indicating that Plaintiff has been appointed as administrator or a personal representative of her husband's estate, that she is the sole beneficiary of the estate, and that the estate has no other creditors. Accordingly, it appears that Plaintiff lacks standing to assert claims on behalf of her husband's estate. *See Garmon v. Cnty. of Rockland*,

---

[5] A "personal representative" is "a person who has received letters to administer the estate of a decedent." *See* EPTL § 1-2.13; *Mingone v. State*, 100 A.D.2d 897, 899 (2d Dep't 1984) ("A personal representative who has received letters of administration of the estate of a decedent is the only party who is authorized to bring a . . . wrongful death action."). A wrongful death action is brought by the personal representative as a "statutory trustee" on behalf of the deceased's distributees. *See Antoine v. State*, 426 N.Y.S.2d 917, 921 n.2 (Ct. Cl. 1980) (citing *Wiener v. Specific Pharm.*, 298 N.Y. 346 (1949).)

No. 10-CV-7724 (ALC) (GWG), 2013 WL 541380, at *3 (S.D.N.Y. Feb. 11, 2013) ("Since Plaintiff was not named the administrator of the estate, he does not have standing to bring claims belonging to the decedent.") (collecting cases); *Brandon v. Columbian Mut. Life Ins. Co.*, 264 A.D.2d 436 (2d Dep't 1999) ("The plaintiff lacks standing to sue on behalf of the decedent's estate since she has not received letters of administration.").

The Court directs Plaintiff, within 60 days, to show that she has standing to assert wrongful death claims on behalf of her husband's estate or distributees. If Plaintiff wishes to proceed *pro se*, she must file a declaration alleging facts demonstrating that (1) she is the duly-appointed administrator or "personal representative" of the estate; (2) she is the sole beneficiary of the estate; *and* (3) the estate has no creditors. In the alternative, Plaintiff may, within 60 days, retain a lawyer to represent her in this action and file a declaration or other evidence that she has been appointed as a "personal representative" of her husband's estate.

**Even if Plaintiff is able to show that she has standing to bring a *pro se* wrongful death action as a personal representative of her husband, the Court strongly encourages Plaintiff to consult with a lawyer.** The New York Legal Assistance Group (NYLAG) is an organization that provides free legal advice to self-represented plaintiffs and defendants in this court. A flyer from NYLAG is attached to this order. As noted above, in New York, a claim for wrongful death caused by the September 11, 2001, terrorist attacks must be brought within two years and six months after the decedent's death. *See* N.Y. Est. Powers & Trusts Law § 5-4.1(1). A lawyer should be able to assist Plaintiff in determining whether there is any way she can bring a timely action or file a claim with the VCF. For more information on the VCF, Plaintiff may visit the VCF's website at: https://www.vcf.gov/.

**CONCLUSION**

The Court directs Plaintiff to show, by filing a written declaration within 60 days of the date of this order, that she has standing to assert claims on behalf of her husband's estate or distributees. Plaintiff's declaration, if any, should be submitted to the Pro Se Intake Unit within 60 days and should bear the docket number 22-CV-1696 (LTS). A declaration form is attached to this order. In the alternative, Plaintiff may, within 60 days, retain an attorney to represent her in this matter.

If Plaintiff fails to submit a declaration within 60 days, or if the declaration does not show that Plaintiff has standing to bring this action, or if an attorney does not make an appearance on Plaintiff's behalf, the complaint will be dismissed for lack of standing without prejudice to Plaintiff's repleading her claims through an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court notes that Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 3.)

SO ORDERED.

Dated:    April 29, 2022
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____                    _____
Executed on (date)                          Signature

_____                    _____
Name                                        Prison Identification # (if incarcerated)

_____          _____    _____    _____
Address                          City                  State         Zip Code

_____                    _____
Telephone Number (if available)             E-mail Address (if available)

# Notice For
# Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call 212-659-6190 and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

